NOLA BOURBON, LLC      *      NO. 2019-CA-0847

VERSUS      *      COURT OF APPEAL

CITY OF NEW ORLEANS      *      FOURTH CIRCUIT

     *      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-07206, DIVISION "I-14"
Honorable Piper D. Griffin, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *
(Court composed of Judge Edwin A. Lombard, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

Scott M. Galante
Salvador I. Bivalacqua
Lauren B. Griffin
GALANTE & BIVALACQUA LLC
650 Poydras Street, Suite 2615
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLANT

Daniel T. Smith
ASSISTANT CITY ATTORNEY
Shawn Lindsay
DEPUTY CITY ATTORNEY
Churita H. Hansell
CHIEF DEPUTY CITY ATTORNEY
Donesia D. Turner
SENIOR CHIEF DEUPTY CITY ATTORNEY
Sunni J. LeBeouf
CITY ATTORNEY
1300 Perdido Street, Suite 5E03
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**JANUARY 29, 2020**

This is an administrative case involving a short-term rental ("STR"). Nola Bourbon, LLC ("Nola Bourbon") appeals an administrative hearing officer's judgment finding Nola Bourbon to be in violation of various municipal ordinances governing STRs. For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Nola Bourbon is the owner of a multi-unit residential property located at 933 Bourbon Street in New Orleans, Louisiana (the "Property"). The Property is located in the French Quarter—an area of New Orleans where STRs are prohibited.

On April 30, 2018, the City of New Orleans (the "City") served Nola Bourbon with notice that it was in violation of the City's STR ordinances and that an administrative hearing regarding the violations would be held on May 16, 2018.[1] At the hearing, no testimony was offered; instead, both the City and Nola Bourbon presented various exhibits. After the hearing, the administrative hearing officer rendered judgment, finding Nola Bourbon to have violated the City's STR

---

[1] In 2017, the City served repeated notices advising Nola Bourbon that the City suspected the Property was being utilized as an unlawful short-term rental property. These notices consisted of two letters and the posting of a "field notice" at the Property.

ordinances and imposing a fine of $500 per violation (the maximum fine)—a total of $3,000.[2]

From that judgment, Nola Bourbon appealed to the trial court. The trial court affirmed. This appeal followed.

## DISCUSSION

The framework within which appeals are taken from administrative proceedings involving alleged violations of municipal housing and land use ordinances has been summarized by this court as follows:

> A party aggrieved by a final agency decision in an adjudication proceeding is entitled to have that decision reviewed initially by the district court of the parish in which the agency is located. La. R.S. 49:964(A)(1) and (B). The district court acts in the capacity of an intermediate appellate court. A party aggrieved by the district court's decision is entitled to appeal to the appropriate appellate court as in other civil cases. La. R.S. 49:965. When an appellate court reviews the district court's judgment, no deference is owed by the appellate court to the district court's fact findings or legal conclusions, " 'just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Thus, an appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the district court.' " *Bourgeois v. Louisiana State Racing Comm'n*, 10-0573, p. 7 (La. App. 4 Cir. 11/12/10), 51 So.3d 851, 856 (quoting *Smith v. State, Dep't of Health and Hospitals*, 39,368, pp. 4-5 (La. App. 2d Cir. 03/02/05), 895 So.2d 735, 739).

> The standard of appellate review of an administrative agency's decision is distinct from and narrower than that which applies to ordinary civil and criminal appeals. *Reaux v. Louisiana Bd. of Med. Examiners*, 02-0906, p. 3 (La. App. 4 Cir. 5/21/03), 850 So.2d 723, 726. The exclusive grounds upon which an administrative agency's decision may be reversed or modified on appeal are enumerated in La. R.S. 49:964(G) of the Administrative Procedure Act ("APA"). *Armstrong v. Louisiana State Bd. of Medical Examiners*, 03-1241, pp. 9-11 (La. App. 4 Cir. 2/18/04), 868 So.2d 830, 837-38.

*DMK Acquisitions & Properties, L.L.C. v. City of New Orleans*, 13-0405, p. 8 (La. App. 4 Cir. 9/18/13), 124 So. 3d 1157, 1163 (quoting *Clark v. Louisiana State*

---

[2] The hearing officer also imposed a $75 hearing fee.

*Racing Comm'n*, 12-1049, pp. 9-11 (La. App. 4 Cir. 12/12/12), 104 So.3d 820, 826-27).

Under La. R.S. 49:964(G), a reviewing court may affirm an administrative decision or remand the case for further proceedings; the court may also reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1)     In violation of constitutional or statutory provisions;

(2)     In excess of the statutory authority of the agency;

(3)     Made upon unlawful procedure;

(4)     Affected by other error of law;

(5)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(6)     Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

La. R.S. 49:964(G).

Nola Bourbon contends, in essence, that the administrative hearing officer's finding that it was utilizing the Property as an STR was arbitrary and capricious because the City failed to prove the allegation by a preponderance of the evidence.[3]

---

[3] Nola Bourbon also contends that it was denied due process. Nola Bourbon, however, expressly waived such constitutional arguments in the district court. Accordingly, those arguments are not properly before us. *See Mosing v. Domas*, 02-0012, pp. 10-14 (La. 10/15/02), 830 So.2d 967, 975-77 (holding that, by failing to pursue a constitutional due process claim in the court of appeal, the issue was waived on further review before the Louisiana Supreme Court).

Nola Bourbon also contends the fines imposed by the hearing officer are excessive. We address each issue separately.

**The Violations**

Nola Bourbon contends that all of the City's evidence was inadmissible hearsay. The City responds that its evidence fell within the business records exception to the hearsay rule[4] and that, in any event, hearsay is admissible in an administrative proceeding. Nola Bourbon replies that, even if the City's hearsay evidence was admissible, it was still insufficient as a matter of law under the residuum rule.[5]

We need not resolve these issues. At all times relevant to this appeal, CZO Section 26.6[6] defined an STR as "[r]ental of all or any portion thereof of a residential dwelling unit for dwelling, lodging or sleeping purposes to one party with duration of occupancy of less than thirty (30) consecutive days."[7] At the administrative hearing, Nola Bourbon introduced a written lease that purports to rent to two individuals a unit in the Property for a period of five non-consecutive

---

[4] *See* La. C.E. art. 803(6) (setting forth the business records exception to the hearsay rule).

[5] *See DMK Acquisitions & Properties*, *supra*, 13-0405, p. 16 (La. App. 4 Cir. 9/18/13), 124 So.3d 1157, 1167 (observing that "[t]he residuum rule provides that hearsay evidence, at least when not objected to, may be used in administrative proceedings for limited purposes such as corroboration, but that such evidence cannot form the sole basis of the decision") (quotation marks omitted); *see also id.*, 13-0405, p. 17, n. 8 (La. App. 4 Cir. 9/18/13), 124 So.3d 1157, 1167 (observing that one commentator has noted that "[t]he jurisprudence is unclear as to whether the residuum rule applies to hearsay evidence in Louisiana agency proceedings" and that [t]he Louisiana Supreme Court . . . has never held that the residuum rule must apply to direct the outcome of agency adjudications, and the rule has not received universal acceptance within the state's appellate courts").

[6] The City relies on CCNO Section 54-491.1(b) as providing the definition of an STR. That provision, however—which is not one of the ordinances allegedly violated by Nola Bourbon—governs French Quarter leases and does not purport to define an STR.

[7] CZO Section 26.6 was subsequently amended to define STRs, as relevant here, as "the use and enjoyment by guests of a Dwelling Unit, or any portion thereof, for a period of less than thirty (30) consecutive days, in exchange for money, commodities, fruits, services, or other performances."

days per month, for a total of sixty days per year. Nola Bourbon's counsel represented that, although the lease was dated April 25, 2018, the lease was previously an oral lease that was reduced to writing after Nola Bourbon was served with the notice of hearing. Thus, regardless of whether the City's evidence was sufficient, Nola Bourbon's own evidence demonstrated that it had been operating the Property as an STR.

**The Fines**

Nola Bourbon contends that the $500-per-violation fine imposed is excessive. We disagree. The lease established that Nola Bourbon's violations of the STR ordinances had been, and continued to be, ongoing.

## DECREE

For the foregoing reasons, the trial court's judgment is affirmed.

**AFFIRMED**